UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIAOLI ZUO,<br><br>                       Petitioner,<br><br>v.<br><br>JORGE VELARDE, Assistant Field Office Director of Immigration and Customs Enforcement, Otay Mesa Detention Center, et. al.,<br><br>                       Respondents. | Case No.: 26-cv-0765-BJC-SBC<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT** |

      Petitioner Xiaoli Zuo, a citizen of China, entered the United States on February 6, 2024, and was taken immigration custody immediately thereafter. ECF Nos. 1 ¶¶ 14, 25; 8 ¶¶ 14, 26. After determining he was neither a danger to the community nor a flight risk, the Department of Homeland Security released him two days later pursuant to 8 C.F.R. § 212.5. *Id*. Petitioner complied with all the conditions of his release, including reporting to the Immigration and Customs Enforcement ("ICE") office in Los Angeles, California. *Id*. ¶ 26; ¶ 27. On October 16, 2025, Petitioner was detained by ICE without notice and transferred to the Otay Mesa Detention Facility, where he remains. *Id*. ¶ 1, 5, 28; ¶ 1, 5, 27, 29.

      On February 6, 2026, Petitioner filed the instant Petition for a Writ of Habeas Corpus

and a motion for a temporary restraining order. ECF Nos. 1, 2. This Court set a briefing schedule and issued a limited stay on February 9, 2026. ECF No. 5. Respondents filed a return to the petition on February 17, 2026. ECF No. 7. In response, Petitioner filed an amended petition. ECF No. 8. On February 18, 2026, Petitioner filed a traverse. ECF No. 7.

## LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## DISCUSSION

As an initial matter, Respondents contend the petition should be dismissed for Petitioner's failure to name his current custodian as a respondent. Failure to name the custodian of the facility in which a petitioner is housed deprives a court of personal jurisdiction. *Stanley v. California Supreme Ct.*, 21 F.3d 359, 360 (9th Cir. 1994). However, Petitioner filed an amended petition in which his names the warden of the Otay Mesa Detention Center. As such, Petitioner has cured the deficiency. *See Dubrin v. People of California*, 720 F.3d 1095, 1100 (9th Cir. 2013) (directing the district court to either deem the petition amended to name the proper respondent or grant the petitioner leave to amend).

Petitioner contends his detention violates the Due Process Clause of the Fifth Amendment. ECF Nos. 1 ¶¶ 31-74; 8 ¶¶ 32-74. Respondents contend Petitioner "is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)," pursuant to the judgment in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at

*1 (C.D. Cal. Dec. 18, 2025). ECF No. 6 at 2.

Under applicable regulations, parole is "terminated upon written notice to the [noncitizen]." 8 C.F.R. § 212.5(e)(2). Additionally, Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his parole. *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025). Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained. The Court finds Petitioner's revocation of his release and detention violates due process rights.

Accordingly, the Court GRANTS the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner under the previously determined conditions. Respondents are enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process. Petitioner's request for attorneys' fees and costs is DENIED without prejudice to Petitioner filing an appropriate application for fees. Petitioner's motion for a temporary restraining order is DENIED as moot. The Clerk of Court shall close this matter.

IT IS SO ORDERED.

Dated: February 24, 2026

*[signature: Bryan Cheeks]*

Honorable Benjamin J. Cheeks
United States District Judge